JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO O'HEARN, | **Case No. CV 17-00013-JAK (RAOx)** |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS** |
| CHARLES POLK, and DOES 1-10, | |
| Defendants. | |

**I.**

**FACTUAL BACKGROUND**

Plaintiff Leo O'Hearn ("Plaintiff") filed an unlawful detainer action in Ventura County Superior Court against Charles Polk and Does 1 to 10 ("Defendants") on or about November 3, 2016. Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1. Defendants are allegedly tenants of real property located in Oxnard, California ("the property"). Compl., ¶¶ 1, 3, 6. Plaintiff is the owner of the property. *Id.* at ¶ 4.

Defendant Polk filed a Notice of Removal on January 3, 2017, invoking the Court's federal question jurisdiction under the "Protecting Tenants at Foreclosure Act of 2009." Removal at 2. The same day, Defendant Polk filed a Request to Proceed *In Forma Pauperis*. Dkt. No. 2.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

As noted above, Defendant Polk asserts that this Court has subject matter jurisdiction due to the existence of a federal question. (Removal at 2.) Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

Here, the Court's review of the Notice of Removal and the attached Complaint makes clear that this Court does not have federal question jurisdiction over the instant matter. Plaintiff could not have brought this action in federal court, in that Plaintiff does not allege facts supplying federal question jurisdiction, and

1    therefore removal was improper.  *See* 28 U.S.C. 1441(a); *Caterpillar, Inc. v.*

2    *Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("Only

3    state-court actions that originally could have been filed in federal court may be

4    removed to federal court by the defendant.") (footnote omitted).

5         First, there is no federal question apparent on the face of Plaintiff's

6    complaint, which alleges only a simple unlawful detainer cause of action.  *See*

7    *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578,

8    *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under

9    federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No.

10   EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010)

11   (remanding an action to state court for lack of subject matter jurisdiction where

12   plaintiff's complaint contained only an unlawful detainer claim).

13        Second, there is no merit to Defendant Polk's contention that federal question

14   jurisdiction exists as a result of congressional enactment of Protecting Tenants at

15   Foreclosure Act of 2009 ("PTFA").  Removal at 2-7.  The PTFA does not create a

16   private right of action; rather, it provides a defense to state law unlawful detainer

17   actions.  *See Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1164 (9th Cir. 2013)

18   (affirming dismissal of the complaint because the PTFA "does not create a private

19   right of action allowing [plaintiff] to enforce its requirements").  It is well settled

20   that a "case may not be removed to federal court on the basis of a federal defense . .

21   . even if the defense is anticipated in the plaintiff's complaint, and even if both

22   parties concede that the federal defense is the only question truly at issue."

23   *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430.  Thus, to the extent Defendant

24   Polk's defenses to the unlawful detainer action are based on alleged violations of

25   federal law, those defenses do not provide a basis for federal question jurisdiction.

26   *See id.*  Because Plaintiff's complaint does not present a federal question, either on

27   its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

28   ///

**III.**

**CONCLUSION**

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Ventura, forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed *In Forma Pauperis* is DENIED as moot.

IT IS SO ORDERED.

DATED:  January 6, 2017

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE